**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**
SEP 0 4 2024
TAMMY M. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHEILA S. BEAL                                                    PLAINTIFF

VS.                        CASE NO. 4:24-CV-750 - DPM

ARKANSAS BUREAU OF LEGISLATIVE RESEARCH            DEFENDANT

## COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), and pursuant to the Fourteenth Amendment to the United States Constitution, in order to recover damages against the defendant for the unlawful employment practices that the plaintiff **Sheila S. Beal** has been subjected to on account of her race and in retaliation for having complained about discriminatory treatment. The plaintiff also seeks relief pursuant to 42 U.S.C.S. § 1983, in that the unlawful employment practices were committed by the defendant while acting under color of law. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.

### Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended).

This case assigned to District Judge Marshall
and to Magistrate Judge Moore

1

2.      The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.

Parties

3.      The plaintiff Sheila S. Beal is an African American female, and is a resident of the United States of America.

4.      The Defendant Arkansas Bureau of Legislative Research, is an agency of the State of Arkansas, and pursuant to Ark. Code Ann. § 10-3-303(a), "[t]here is established under the direction and control of the Legislative Council a Bureau of Legislative Research which shall consist of a director to be selected by the Legislative Council and other assistants as may be provided by legislative appropriation."  Also, pursuant to Ark. Code Ann. § 10-3-303(c), "[i]t shall be the duty of the bureau acting under the direction of the director to: (1) Make studies and investigations, upon direction of the Legislative Council, and secure factual information, prepare reports, and draft legislation as may be required by the Legislative Council or any of its subcommittees."

5.      The current director of the Arkansas Bureau of Legislative Research is Marty Garrity, who is a Caucasian/Hispanic female.  Pursuant to Ark. Code Ann. § 10-3-303, "[t]he director of the Bureau of Legislative Research shall be the Executive Secretary to the Legislative Council and shall attend all of its meetings and keep official records of all Legislative Council proceedings."

6.      The defendant Arkansas Bureau of Legislative Research is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

III.
Facts

7.    The plaintiff was initially hired by the Arkansas Bureau of Legislative Research (ABLR) on or about May 22, 2014, working as an Administrative Assistant II.

8.    Throughout the plaintiff's tenure with the defendant, she has performed her job duties in an exemplary manner, with most of her performance evaluations being positive reviews.

9.    Starting in 2016, the plaintiff began to apply for various Legislative Analyst positions, but has been constantly passed over for lesser qualified white applicants.

10.    Most of the adverse employment decisions were made by Marty Garrity, who is a Caucasian female, and is the Executive Director for the Bureau of Legislative Research.

11.    Ms. Garrity has a history of discriminating against African Americans, and also has a history of retaliating against African Americans who complain about discriminatory treatment.

12.    Ms. Beal applied for the Administrative Assistant to the Assistant Director's position in December 2016; however, she was not selected for the position, and the defendant selected Millie Neville, who had retired from the agency. Ms. Neville is a Caucasian female.

13.    In August 2019, Ms. Beal applied for the Administrative Assistant to the Administrator, who was Jessica Whitaker, who is a Caucasian female. However, the defendant decided to select a white applicant by the name of Gina Seaton.

14.    Upon information and belief, Ms. Seaton did not seek the Administrative Assistant position, but was asked to apply.

15.    In August 2019, the plaintiff again applied for the Administrative Assistant to the Administrator, who was Anthony Robinson. The defendant decided to select Rachel Michelle Barnes, who is a Caucasian female.

3

16.    In September 2021, the plaintiff again applied for the Administrative Assistant to the Administrator position to Sheri Thomas, who is Caucasian.

17.    The defendant decided to choose Caitlyn Sprankle-Steele, who is a Caucasian female, who was hired by the defendant in February 2020.

18.    Ms. Sprankle was promoted from the Administrative Assistant I position to the Administrative II position within one year, which went against the normal promotional process that the defendant had in place.  Ms. Sprankle was less qualified than the plaintiff.

19.    Sheri Thomas stated in an email to the plaintiff that Ms. Thomas felt that Ms. Sprankle-Steele "was the best fit for the position."

20.    In October 2021, the plaintiff questioned for the first time, the promotional process when it selected Ms. Sprankle.

21.    The plaintiff reminded Ms. Thomas that pursuant to the policy manual for the ABLR, Section 2.06 provides in pertinent part: "A Bureau employee that has been in his or her current position for less than one (1) year will not be considered during the hiring process for an open position at the Bureau."

22.    Ms. Beal reminded Ms. Thomas that Caitlyn Steele had only been in her Administrative Assistant II position for less than one year, when she applied for the Administrative Assistant to the Administrator" position.

23.    However, shortly after questioning the defendant as to why the plaintiff was not selected, and stating that Ms. Steele was promoted in violation of the policy of the ABLR, Ms. Beal received a written reprimand in November 2021.

24.    When the plaintiff mentioned that she believed that she was the victim of discrimination, she received a disciplinary writeup being accused of making frivolous accusations.

25.    In May 2022, the plaintiff again applied for the Legislative Analyst position in the personnel section of the ABLR.

26.    Ms. Garrity decided to select Karli Miller, who is a Caucasian female, and is less qualified than the plaintiff.

27.    Ms. Beal filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in July 2022, when she was denied promotional opportunities.

28.    When Ms. Beal received her Right-to-Sue letter in March 2023, she decided not to pursue the matter.

29.    The plaintiff again applied for a Legislative Analyst position in September 2022, but was again not selected – the defendant chose a Caucasian applicant, who was only at the ABLR for a short time.

30.    In December 2022, the plaintiff again applied for a Legislative Analyst position in the Research Division.

31.    However, Sheri Thomas decided to select Caitylyn Sprankle-Steele.

32.    When Allison Protraz, who is a Caucasian female Legislative Analyst, resigned her position from the ABLR, this created a vacancy.

33.    The defendant decided to draw from the applicant pool, which the plaintiff was a part of.  Ms. Beal was not given an interview for the position. The defendant hired a white male candidate by the name of Raymond Terry, again a person who was less qualified than the plaintiff.

34.    In May 2023 the plaintiff again applied for a Legislative Analyst position and the Legislative Administrative Assistant in the Committee Staff Section.

35.    In August 2023, the defendant decided to select two (2) white male applicants for the two (2) analyst positions – Matthew Beaver and Coby l/k/u.

36.     On August 14, 2023 Sheri Thomas called the plaintiff into her office to discuss a matter.  While the plaintiff was in Ms. Thomas' office, she asked her why the plaintiff had not been selected for one of the two (2) analyst positions.  Ms. Thomas just simply shrugged her shoulders, providing no verbal answer.

37.     On October 24, 2023, the plaintiff filed a second charge of Discrimination with the EEOC.

38.     The plaintiff had scheduled to be off Friday, December 29, 2023 to travel to Dallas, Texas to be with her daughter.

39.     Ms. Beal had previously spoken with her immediate Supervisor Sheri Thomas, and mentioned that she may take a half day off on Thursday, December 28, 2023.

40.     Ms. Thomas told Ms. Beal that would be fine, no problem, and just to make sure she found someone to cover for her if she took off Thursday afternoon.

41.     Ms. Beal spoke with a coworker by the name of Destiny Davis about taking off on Thursday afternoon, and she agreed to cover for the plaintiff.

42.     Ms. Beal submitted her leave slip for Thursday, December 28, 2023, and she left several people including Ms. Thomas that she was leaving.

43.     During this time of the year, the Senate and the House were not in session, and this was considered "down time" for the ABLR.

44.     Ms. Beal arrived at work on December 28, 2023 at 7:45 a.m., which was fifteen minutes before her work shift began.

45.     Ms. Beal went to the vending machine on the 4th floor to get something to eat at approximately 9:10 a.m., and Sheri Thomas asked if she had just gotten to work, to which Ms. Beal replied, "no, I got here at 7:45 a.m."

6

46.    Also, on December 28, 2023, after Ms. Beal had gotten back from lunch, Jessica Whitaker, who is the Assistant Director, sent Ms. Beal an email inquiring if she had permission to leave early, to which Ms. Beal replied "yes" and that she had spoken to Sheri Thomas about leaving early.

47.    After putting her leave in, Ms. Beal left early on December 28, 2023, with Destiny covering for her.

48.    Ms. Beal went to Dallas, Texas as planned. However, when she returned home on January 1, 2024, she found her son dead.

49.    Ms. Beal was obviously grieving the loss of her son, and had to make funeral arrangements. Ms. Beal informed Sheri Thomas that she would return to work on January 17, 2024.

50.    Ms. Beal's son's funeral was Saturday, January 13, 2024.

51.    Little Rock, Arkansas experienced a snowfall on Sunday, January 14, 2024.

52.    Due to the snowfall that occurred on January 14, 2024, the ABLR was closed Monday and Tuesday, January 15-16, 2024.

53.    Ms. Beal returned to work on January 17, 2024; however, she was not paid for the snow days that the ABLR was closed due to the snow.

54.    Matthew Beaver resigned on Friday, January 26, 2024.

55.    Upon information and belief, Mr. Beaver quit due to the work being too great, and due to him not being able to perform the duties.

56.    Also, on Wednesday, January 31, 2024, Ms. Beal saw Jessica Whitaker and Sheri Thomas walking across the street to the State Capitol, which is where the office of Marty Garrity is located.

57.    Ms. Beal knew that they (Whitaker, Thomas, and Garrity) were going to talk about her.

58.    Ms. Beal recognized that due to her prior complaints of discrimination she had become a thorn in the side of the ABLR.

59.    On Thursday, February 1, 2024, Marty Garrity posted the recently vacated Legislative Analyst position that was vacated by Mr. Beaver.

60.    After Ms. Beal returned from lunch on Thursday afternoon, Sheri Thomas told Ms. Beal that she needed to meet with her.

61.    When Ms. Beal discovered that Marty Garrity directed Ms. Thomas to issue a reprimand to Ms. Beal, which would have prevented her from being considered for the recent vacant Legislative Analyst position, Ms. Beal told Ms. Thomas that she could not deal with this right now, because she was still grieving the loss of her son.

62.    Nevertheless, Ms. Thomas was still insisting on giving Ms. Beal the reprimand.

63.    Ms. Beal became emotional, and started crying, and screaming, and is believed to have picked up a chair and slammed it to the floor.

64.    Marty Garrity terminated Ms. Beal on February 1, 2024.

IV.
Disparate Treatment

65.    The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 64, supra., inclusive as though set forth herein word for word.

66.    During the part of the plaintiff's tenure with the defendant, she has been subjected to varied terms and conditions of her employment with the defendant based on her race, in violation Title VII of the Civil Rights Act of 1964 (as amended).

67.     The plaintiff has been consistently passed over for promotions to the position of Legislative Analyst based on her race, when the defendant has consistently chosen to hire/promote less qualified white applicants in violation Title VII of the Civil Rights Act of 1964 (as amended).

68.     Despite the fact that the plaintiff's qualifications exceeded the qualifications of the white applicants who have been chosen for the Legislative Analyst positions for which the plaintiff has applied, the defendant has constantly promoted/hired these less qualified applicants in violation of the plaintiff's rights as governed by Title VII of the Civil Rights Act of 1964 (as amended).

69.     Furthermore, the plaintiff has been paid consistently less than her white counterparts in violation of the plaintiff's rights as governed by Title VII of the Civil Rights Act of 1964 (as amended).

70.     Also, the plaintiff has been discriminated against based on her race, when she was terminated from her place of employment with the defendant in violation of her rights as governed by Title VII of the Civil Rights Act of 1964 (as amended).

V.
Retaliation

71.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 70, supra., inclusive as though set forth herein word for word.

72.     When the plaintiff was again passed over for the Legislative Analyst position in August 2023, she filed a Charge of Discrimination with the EEOC, which was officially filed on October 24, 2023, after the plaintiff had contacted the EEOC back in August 2023.

73.     The plaintiff was denied the positions of Legislative Analyst in retaliation for having complained about discriminatory treatment.

74.     The defendant retaliated against the plaintiff by terminating her on February 1, 2024 due to her prior complaints of discrimination.

VI.
Procedural Requirement

75.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 74, supra., inclusive as though set forth herein word for word.

76.     On October 24, 2023, the plaintiff filed a Charge of Discrimination (Charge No. 493-2023-02338) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, due to *inter alia*, her race and in retaliation for having complained about discrimination. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

77.     In response to the Plaintiff's Charge of Discrimination that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated June 6, 2024, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter.  (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

VII.
Damages

78.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 77, supra., inclusive as though set forth herein word for word.

79.     Due to the discriminatory treatment that the plaintiff has been subjected to she has suffered loss income and wages in an amount to be proven at the trial of this matter.

80.     Furthermore, as a direct and proximate cause of the discriminatory treatment, the plaintiff has suffered emotionally and has experienced pain and suffering, as well as humiliation.

81.    Due to the retaliatory treatment that the plaintiff has suffered, she has experienced lost wages, mental anguish, pain and suffering and humiliation.

<u>JURY DEMAND</u>

82.    The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

a.    declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.    reinstatement and back pay;

c.    compensatory damages;

d.    the cost of prosecuting this action;

e.    attorney's fees;

f.    and for all other just, equitable, and legal relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145

Dated this 4th day of September 2024.

EEOC Form 5 (11 09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 493-2023-02338 |
| | | and EEOC |

State or local Agency, if any

| I. Name (indicate Mr., Ms., Mrs., Miss, Ms., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Shelia Beal | (501) 794-9827 | 1972 |

Street Address

2504 Lavern Street Apt1

BRYANT, AR 72022

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees Members | Phone No. |
|---|---|---|
| Bureau of Legislative Research | 15 - 100 Employees | |

Street Address

1 CAPITOL MALL FL 5

LITTLE ROCK, AR 72201

| Name | No. Employees Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Age, Race, Retaliation, Sex | 05 01 2023 | 05 31 2023 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)).

I was hired in May 2014. My current position is Administrator Assistant. I began applying for promotions in 2016, and each time a white employee was selected. On or about May 31, 2023, I applied for two Analyst positions.

I was not selected for the positions, and the respondent selected two younger male white candidates for the Analyst positions.

I believe that I was denied a promotion because of my race, Black and my sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age, 50 in violation of the Age Discrimination in Employment Act of 1967, as amended, and also in retaliation for previously filing an EEOC charge.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Shelia Beal**<br><br>**10/24/2023**<br><br>Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

PLAINTIFF'S EXHIBIT

A

Page 1 of 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St. Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06 06 2024

**To:** Ms. Shelia Beal
2504 Lavern Street Apt1
BRYANT, AR 72022
Charge No: 493-2023-02338

EEOC Representative and email:    TYRONE BLANKS
Investigator
tyrone.blanks@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2023-02338.

On behalf of the Commission.

Digitally Signed By: William A Cash
06/06/2024
William A Cash
Area Office Director

PLAINTIFF'S EXHIBIT
**B**